{¶ 33} I respectfully dissent from the sustaining of the Second Assignment of Error and would affirm the trial court.
 {¶ 34} In his Second Assignment of Error, Appellant asserts the trial court erred in finding that Appellant's claim was barred by the Workers' Compensation occupational disease statute of limitation because it was the same occupational disease as was the subject of a prior claim.
 {¶ 35} The trial court found that Appellant's workers' compensation claim was time barred based on the Supreme Court of Ohio's holding in White v. Mayfield, 37 Ohio St.3d 11,523 N.E.2d 497, wherein, in interpreting the statute of limitations outlined in R.C. § 4123.85, the Ohio Supreme Court set forth a three-prong test for determining the onset of a disability. The Court held that "disability due to an occupational disease shall be deemed to have begun as of [1] the date on which the claimant first became aware through medical diagnosis that he was suffering from such disease, or [2] the date on which he first received medical treatment for such disease or, [3] the date claimant first quit work on account of such disease, whichever date is latest." Id. at syllabus.
 {¶ 36} I find that the trial court did not err in finding that "the statute of limitations for the occupational disease or right shoulder impingement was triggered" when Appellant "was first diagnosed with such disease in 1990, at which time he underwent surgery and missed work and, therefore, was disabled with the meaning of R.C. 4123.85". (Dec. 5, 2005, Judgment Entry at 8-9).